IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

08 SEP 12 PM 2:54

OFFICE OF THE CLERK

| | |
|---|---|
| JANICE AUGUSTYN, Surviving Spouse and Personal Representative of the Estate of DAVID D. AUGUSTYN, Deceased,<br><br>      Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA – DEPARTMENT OF VETERANS AFFAIRS,<br><br>      Defendant. | CASE NO. 8:08cv405<br><br>**COMPLAINT** |

The plaintiff, Janice Augustyn, states as follows:

1. She is the surviving spouse of David D. Augustyn, and the Personal Representative of the Estate of David D. Augustyn, having been appointed by the County Court of Lancaster County, Nebraska.

2. Jurisdiction in this matter is based upon 28 U.S.C. §1345(b) and 28 U.S.C. §§2671.2680, commonly known as the Federal Tort Claims Act.

3. As required by statute, Janice Augustyn, the Personal Representative of the estate of her late husband, David D. Augustyn, presented her claim on behalf of herself and the Estate of David D. Augustyn on Standard Form 95 with the defendant by mailing this claim to the Department of Veterans Affairs Medical Center, 4101 Woolworth Ave., Omaha, NE 68105 on January 11, 2008. This claim was received on January 14, 2008, and was assigned the

claim number GCL-6570-57340.  A copy of the claim and acknowledgment and receipt thereof are attached hereto as Exhibit 1 and incorporated herein by reference.

   4.   The Department of Veterans Affairs has neither allowed nor denied the claim within six months of receipt of the claim, and plaintiff therefore is authorized to file this action.

   5.   Plaintiff, Janice Augustyn, is a resident of Lincoln, Lancaster County, Nebraska.  On November 24, 2006, David Augustyn died.  At the time of his death, David Augustyn was a resident of Lincoln, Lancaster County, Nebraska, and a citizen of the United States.  Further, at all times relevant to this action, the decedent, David Augustyn, was not a member of the Armed Forces of the United States of America.

   6.   On November 16, 2006, David Augustyn was admitted as a patient to the Veterans Administration Hospital in Omaha, Douglas County, Nebraska (hereinafter referred to as the "V.A."). On that date, David Augustyn had a right total hip arthroplasty performed on him.

   7.   Upon completion of the surgery, David Augustyn was transferred to the recovery room, and from there he was transported to the post-surgical floor at the V.A. Hospital.

   8.   On November 17, 2006, at approximately 1:00 a.m., a nurse employed by the V.A. noted that David Augustyn was aphasic and was experiencing a right-sided facial droop.  Approximately

four hours later at 5:00 a.m. on November 17, 2006, a nurse employed the V.A. observed that David Augustyn was experiencing the same clinical signs which had been present at 1:00 a.m., i.e., aphasic and a right-sided facial droop. Upon observing these abnormal signs, a medical doctor was requested to come and evaluate David Augustyn. Upon completion of this evaluation, a CT of David Augustyn's head was ordered. The results of the CT of the head revealed the probability of a "acute stroke."

9. Subsequently, David Augustyn was transferred to the University of Nebraska Medical Center for an MRI/MRA. The MRI/MRA showed a complete left middle cerebral artery infarct. David Augustyn was then returned to the V.A. where he was transferred to the ICU for closely monitoring of his neurologic status.

10. David Augustyn's medical condition continued to deteriorate and during the morning of November 18, 2006, David Augustyn was intubated and placed on a ventilator. Thereafter he was transferred to Creighton University Medical Center for further treatment of his stroke and severe brain injury.

11. While a patient at Creighton University Medical Center, David Augustyn died on November 24, 2006.

12. The cause of death of David Augustyn was severe damage to his brain resulting from a stroke.

13. The agents and employees of the defendant V.A. were negligent in their care and treatment of David Augustyn in each and all of the following respects:

   a) In failing to request a neurologic consult and/or medical consult for David Augustyn at 1:00 a.m. on November 17, 2006, when he was experiencing expressive aphasia and a right-sided facial droop;

   b) In failing to implement thrombolytic treatment at 1:00 a.m. on November 17, 2006;

   c) In allowing David Augustyn's condition to further deteriorate from 1:00 a.m. to 5:00 a.m. on November 17, 2006, without requesting a medical consult;

   d) In failing to earlier transfer David Augustyn to Creighton University Medical Center or some other suitable medical center for treatment of his severe stroke and brain damage;

   e) In failing to more frequently monitor and observe David Augustyn after midnight on November 17, 2006.

14. That as a direct and proximate result of the negligence of the agents and employees of the V.A. Medical Center, David Augustyn was denied the opportunity for the implementation of appropriate thrombolytic therapy at 1:00 a.m. on September 17, 2006, which therapy would have prevented or significantly lessened his stroke and severe brain damage resulting in his death on November 24, 2006.

15. As a further direct and proximate result of the negligence of the agents and employees of the V.A. Medical

Center, the estate of David Augustyn has incurred the following by way of damages:

        a)    Pain and suffering sustained by David Augustyn from November 17, 2006, up until the time of his death on November 24, 2006;

        b)    Funeral and burial expenses;

        c)    Pecuniary loss sustained by the heirs and next of kin of David Augustyn by way of financial support, loss of love, society, and affection.

WHEREFORE, plaintiff prays for judgment against the defendant as follows:

A)    For special damages, general damages in the amount of $1,750,000.00, and for the costs of this action; and

B)    For other damages that are reasonable and proper.

                                  JANICE AUGUSTYN, Surviving Souse and Personal Representative of the Estate of DAVID D. AUGUSTYN, Deceased, Plaintiff

By: _____
      E. Terry Sibbernsen #13826
      Andrew D. Sibbernsen #22969
      SIBBERNSEN & STRIGENZ, P.C.
      1111 N.102nd Court, #330
      Omaha, NE  68114
      (402) 493-7221

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Prepare in ink or typewriter. Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. | OM and B Approval No. 80-R111 |
|---|---|---|

| 1. SUBMIT TO: Dept. of Veterans Affairs Medical Center 4101 Woolworth Ave. Omaha, NE 68105 | 2. NAME AND ADDRESS OF CLAIMANT (Number, street, city, State, and Zip Code) Janice Augustyn, Surviving Spouse & Personal Representative of the Estate of David D. Augustyn, Deceased 7272 Park Ridge Circle, Lincoln, NE 68516 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☐ CIVILIAN | 4. AGE 58 | 5. MARITAL STATUS married | 6. NAME AND ADDRESS OF SPOUSE, IF ANY (Number, street, city, State, and Zip Code) Janice Augustyn 7272 Park Ridge Circle Lincoln, NE 68516 |
|---|---|---|---|

| 7. PLACE OF ACCIDENT (Give city or town and State; if outside city limits, indicate mileage or distance to nearest city or town) Dept. of Veterans Affairs Medical Center 4101 Woolworth Ave. Omaha, Douglas County, Nebraska | 8. DATE AND DAY OF ACCIDENT 11/16/06 thru 11/17/06 | 9. TIME (A.M OR P.M) p.m. on 11/16/06 a.m. on 11/17/06 |
|---|---|---|

| 10. AMOUNT OF CLAIM (in dollars) | | | |
|---|---|---|---|
| A. PROPERTY DAMAGE | B. PERSONAL INJURY | C. WRONGFUL DEATH $1,750,000.00 | D. TOTAL $1,750,000.00 |

11. DESCRIPTION OF ACCIDENT (State below, in detail, all known facts and circumstances attending the damage, injury, or death, identifying persons and property involved and the cause thereof)

On November 16, 2006, David Augustyn was admitted to the Veterans Affairs Medical Center located at 4101 Woolworth Ave., in Omaha, Douglas County, Nebraska, for hip replacement surgery. Some time between 3:30 p.m. on November 16, 2006 and 5:15 a.m. on November 17, 2006, David Augustyn suffered a massive stroke. The stroke was preventable if in fact David Augustyn would have been properly evaluated and cared for while a patient at the Dept. of Veterans Affairs Medical Center during (cont. on separate page)

12. PROPERTY DAMAGE
NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE KIND AND LOCATION OF PROPERTY AND NATURE AND EXTENT OF DAMAGE (See instructions on reverse side for method of substantiating claim)

13. PERSONAL INJURY
STATE NATURE AND EXTENT OF INJURY WHICH FORMS THE BASIS OF THIS CLAIM

This is a medical malpractice wrongful death action.

14. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| | |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 15. SIGNATURE OF CLAIMANT (This signature should be used in all future correspondence) *Janice L. Augustyn* | 16. DATE OF CLAIM January 11, 2008 |
|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See R.S. §3490, 5438; 31 U.S.C. 231.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 62 Stat. 698, 749; 18 U.S.C. 287, 1001.) |
|---|---|

GENERAL SERVICES ADMINISTRATION–FPMR 101-11.8
95-105

EXHIBIT 1

STANDARD FORM 95
REVISED FEBRUARY 1971
GSA FPMR 101-11.8

No. 11 (continued)

the before-mentioned times. During this time period, David Augustyn's physical and mental condition changed and this change was not properly responded to by medical personnel employed by the Dept. of Veterans Affairs Medical Center. The employees of the Dept. of Veterans Affairs Medical Center were negligent in failing to properly evaluate David Augustyn, in failing to properly treat David Augustyn, and in this regard, in failing to administer the clot dissolving drug known as TPA.

As a result of the negligence of employees of the Dept. of Veterans Affairs Medical Center, David Augustyn's medical condition further deteriorated and he passed away on November 24, 2006. David Augustyn's death occurred while he was a patient at Creighton University Medical Center-St. Joseph Hospital.

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Dept. of Veterans Affaires
   Medical Center
   4101 Woolworth Ave.
   Omaha, NE 68105

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _[signature]_   ☐ Agent  ☐ Addressee

B. Received by (Printed Name): Astria Williams
C. Date of Delivery: 1-14-08

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label): 7005 1160 0001 1532 2471

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540